ISHEE, J.,
for the Court.
¶ 1. The chancellor modified the original child custody decree and awarded each parent custody of one of their minor daughters. The chancellor also ordered the father to make monthly child support payments and to pay a child support ar-rearage to the mother. The father appealed the chancellor’s decision arguing that it was error to modify the original decree without creating a record. We agree and reverse and remand.
*107 STATEMENT OF FACTS
¶2. Richard Daley (Father) and Janet Leigh B. Daley (Mother) were granted a divorce on the grounds of irreconcilable differences in April 1995. In the decree, the chancellor adopted the agreed property settlement and child custody agreement. The chancellor awarded primary custody of the couple’s two minor daughters to Mother, and ordered Father to pay $325 per month to Mother as child support.
¶ 3. In June 2002, Father petitioned for a modification of the divorce decree. In the years since the original decree was issued, one of the couples’ minor daughters had reached the age of twelve and expressed a legally relevant preference to live with Father. See Miss.Code Ann. § 93-ll-65(l)(a) (Rev.2004). Father argued in his petition that the daughter’s election amounted to a substantial and material change in circumstances, and that the best interests of the child would be served by granting Father primary custody of that daughter. Father also petitioned for a reduction in the amount of his child support payments to Mother.
¶ 4. Mother filed an answer in which she admitted that the daughter had elected to five with Father; however, Mother denied that a change in custody would be in the child’s best interest. Mother also filed a counterclaim petitioning the chancellor to find Father in contempt for allegedly being $3,575 in arrears in the payment of child support. Mother argued in her counterclaim that the needs of the children had increased since the original decree was issued, and that this amounted to a material and substantial change in circumstances which should require Father to increase the amount of his child support payments to Mother.
¶ 5. In November 2003, the chancellor issued an order modifying the original custody decree. The chancellor announced that a material change in circumstances had occurred, and granted primary custody of the twelve year old daughter to Father. The chancellor also found that Father was $4,000 in arrears in child support, and ordered Father to pay the ar-rearage at a rate of $75 a month. Finally, the chancellor ordered that Father pay $150 per month to Mother for the support and maintenance of their other daughter who was still living with Mother.
¶ 6. Father then filed a petition for a judgment notwithstanding the verdict or, in the alternative, a new trial arguing that since both parents had custody of one child and had similar earning abilities, Father should not have been required to make child support payments to Mother. Father also argued that he should not have been ordered to pay the child support ar-rearage. The chancellor denied Father’s petition in February 2004.
¶ 7. Aggrieved by the chancellor’s decision, Father appeals asserting that the chancellor erred in modifying the original decree without creating a record.
DISCUSSION
¶ 8. We need not recount the respective parties’ arguments because the inescapable fact of this appeal is that the record contains neither a transcript of any proceedings in the trial court, nor any factual or legal foundation for the chancellor’s decision to modify the original decree. As a result, we have no basis whatsoever for determining whether the chancellor’s decisions regarding the issues of child custody and payment of past and future child support were appropriate.
¶ 9. Unif. Ch. Ct. R. 5.02 states that “[ejvery |j']udgment shall adjudicate such facts as to show that the [trial] court has lawful authority to render it.” Consistent with M.R.C.P. 52, Unif. Ch. Ct. R. 4.01 and *108 4.02 allow the chancellor to create either an oral or a written record at his discretion. However, these rules require that if the chancellor opts for an oral opinion, it must be transcribed for the record. Regardless of the form in which the chancellor issues his opinion, the rules clearly require that a record be made.
¶ 10. In as much as we are unable to determine the basis of the chancellor’s decision due to the inadequacy of the record, we reverse and remand this case back to the trial court in order for the chancellor to create a record of his factual findings as well as the legal basis for his decision.
¶ 11. Furthermore, we conclude that it would be inappropriate for either of the parties to bear the current costs of this appeal to date since this Court is unable to reach the merits of the issues based on the chancellor’s failure to create a record to support his decision.
¶ 12. THE JUDGMENT OF THE MARION COUNTY CHANCERY COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., BRIDGES, AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.